**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARIO R. TRUJILLO,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>　　　　Defendant. | ) Case No. SA CV 11-1982-SP<br>)<br>)<br>)<br>) **MEMORANDUM OPINION AND**<br>) **ORDER**<br>)<br>)<br>)<br>)<br>)<br>) |

**I.**

**INTRODUCTION**

On December 27, 2011, plaintiff Mario R. Trujillo filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties' briefing is now complete, and the court deems the matter suitable for adjudication without oral argument.

Two issues are presented for decision here: (1) whether the Administrative

Law Judge ("ALJ") properly considered the evidence of a medically determinable severe mental impairment; and (2) whether the ALJ properly evaluated the opinion of plaintiff's treating physician. Pl.'s Mem. at 15-19, 19-22; Def.'s Mem. at 2-8, 8-10.

Having carefully studied, inter alia, the parties' written submissions and the Administrative Record ("AR"), the court finds that, as detailed herein, the ALJ properly evaluated the medical evidence and determined that plaintiff does not suffer from a severe mental impairment. In addition, the ALJ properly rejected the opinion of plaintiff's treating physician with respect to the extent of his physical impairment. The court therefore affirms the Commissioner's decision denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was sixty-one years old on the date of his July 27, 2010 administrative hearing, has a high school education. AR at 35-36. His past relevant work includes employment as a security patrol officer. *Id.* at 164, 186.

Plaintiff protectively filed applications for DIB and SSI on February 12, 2009 and February 23, 2009, respectively. *See* AR at 14, 51, 53, 134-36, 137-40, 161. Plaintiff alleged that he has been disabled since January 31, 2007 due to diabetes, hypertension, bodily pain, and mental problems. *Id.* at 57, 153. Plaintiff's applications were denied initially and upon reconsideration, after which he filed a request for a hearing. *Id.* at 51, 52, 53, 54, 57-62, 63, 64-69, 70.

On July 27, 2010, plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. AR at 35-44, 46. The ALJ also heard testimony from Dr. Sami Nafoosi, a medical expert ("ME"), and Alan L. Ey, a vocational expert ("VE"). *Id.* at 42-46, 46-49. On September 17, 2010, the ALJ denied plaintiff's request for benefits. *Id.* at 14-24.

Applying the well-known five-step sequential evaluation process, the ALJ

1  found, at step one, that plaintiff has not engaged in substantial gainful activity since
2  January 31, 2007, his alleged disability onset date. AR at 16.
3       At step two, the ALJ found that plaintiff suffers from severe medically
4  determinable impairments consisting of left shoulder arthritis and a history of a left
5  ankle fracture. AR at 16.
6       At step three, the ALJ determined that the evidence does not demonstrate that
7  plaintiff's impairments, either individually or in combination, meet or medically
8  equal the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix
9  1. AR at 21.
10      The ALJ then assessed plaintiff's residual functional capacity ("RFC")[1] and
11 determined that he can perform light work with the following limitations: he must
12 change positions briefly for one to three minutes every hour for shoulder comfort;
13 perform no more than occasional postural tasks; and no lifting above the shoulder
14 level with the left upper extremity. AR at 21.
15      The ALJ found, at step four, that plaintiff is capable of performing past
16 relevant work as a security guard. AR at 23. The ALJ therefore concluded that
17 plaintiff was not suffering from a disability as defined by the Social Security Act.
18 *Id.* at 14, 24.
19      Plaintiff filed a timely request for review of the ALJ's decision, which was
20 denied by the Appeals Council. AR at 1-3, 7. The ALJ's decision stands as the
21 final decision of the Commissioner.

---

[1] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

# III.
# STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g) (2010). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

# IV.
# DISCUSSION

A.  **The ALJ Properly Determined that Plaintiff Does Not Suffer from a Severe Mental Impairment**

Plaintiff contends the ALJ erred in concluding that he does not suffer from a

severe mental impairment. *See* Pl.'s Mem. at 15-19. In particular, plaintiff maintains that the ALJ improperly concluded that his depression and anxiety are non-severe by erroneously rejecting the opinion of his treating psychiatrist, Dr. John J. Ursino. *Id.* at 16-19. The court disagrees, for the reasons discussed below.

      The threshold inquiry at step two is whether or not a claimant is suffering from a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii) (2012), 416.920(a)(4)(ii) (2012); *see Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) ("At step two of the five-step sequential inquiry, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments." (citation omitted)). At step two, it is important that the ALJ consider the combined effect of all of the claimant's impairments on his or her ability to function, without regard to whether each alone was sufficiently severe. *Smolen*, 80 F.3d at 1290. "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'"[2/] *Id.* (citations omitted). "[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28,[3/] 1985 WL 56856, at *3).

---

    [2/] "'Basic work activities' are defined as including such capabilities as use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (internal citations omitted).

    [3/] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir.

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996); *see also* 20 C.F.R. §§ 404.1527(c) (2012) (prescribing the respective weight to be given the opinion of treating sources and examining sources), 416.927(c) (2012). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830; *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830.

Where the treating physician's "opinion is not contradicted by another doctor, it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the ALJ may disregard the opinion of a treating physician, whether or not controverted, the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear and convincing reasons."). "Even if the treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record." *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725. The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

---

2001) (internal citations omitted).

6

stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

Having duly reviewed the record and the parties' papers, the court finds that the ALJ properly discounted Dr. Ursino's opinion – as contained in a June 26, 2010 Psychiatric/Psychological Impairment Questionnaire[4] and a June 28, 2010 letter to plaintiff's attorney[5] – regarding the severity of plaintiff's mental impairment.

First, the ALJ found that Dr. Ursino's opinion lacks supporting objective medical evidence. AR at 19, 23. This is a specific and legitimate reason for rejecting Dr. Ursino's opinion. *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physician's opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings" (citation omitted)); *Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (ALJ properly rejected

---

[4] In the questionnaire, Dr. Ursino diagnosed plaintiff with major depression, recurrent. AR at 501. Dr. Ursino opined that, inter alia, plaintiff is markedly limited in his ability to: understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerance; work in coordination with or proximity to others without being distracted by them; complete a normal workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism from supervisors; and travel to unfamiliar places or use public transportation. *Id.* at 504-06.

[5] In the letter, Dr. Ursino stated that "[i]n [his] psychiatric opinion, [plaintiff] continues to exhibit a deteriorated mental status with severe clinical depression with poor coordination, poor motivation, impaired interpersonal relations and impaired memory." AR at 513. Dr. Ursino noted that plaintiff's "[d]ebilitated psychiatric status has continued for a number of years" and that "[p]rognosis is poor." *Id.*

treating physician's opinion, which was unsupported by medical findings, personal observations, or test reports). For one thing, Dr. Ursino's opinion is unsupported by his own objective findings. Although Dr. Ursino opined that plaintiff's symptoms and limitations began in 2006, Dr. Ursino did not begin treating plaintiff until November 21, 2007. *See* AR at 19, 501, 508; *see also Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (per curiam) ("After-the-fact psychiatric diagnoses are notoriously unreliable."). Moreover, as the ALJ noted, even Dr. Ursino's findings from the November 21, 2007 treatment were unremarkable, "except for a check mark under impaired memory per [plaintiff]'s account." *See* AR at 19, 450-56.

In addition, Dr. Ursino's opinion is unsupported by the opinion of Dr. Nara A. Paculdo, a consultative examining psychiatrist. Among other things, Dr. Paculdo found – based upon a complete psychiatric evaluation on June 2, 2009 – that: plaintiff has no impairment related mental limitations; plaintiff's ability to understand, remember and carry out complex job instructions was not significantly limited; plaintiff's ability to understand, remember, and carry out simple one or two-step job instructions was not significantly limited; plaintiff's ability to relate and interact with supervisors, coworkers, and the public was not significantly limited; plaintiff's ability to maintain concentration and persistence for a normal work period was not significantly limited; and plaintiff's ability to withstand the stress and pressures associated with an eight-hour workday was not significantly limited. AR at 399; *see Magallanes*, 881 F.2d at 751 (examining physician's opinion may constitute substantial evidence if the "nontreating physician relies on independent clinical findings that differ from the findings of the treating physician" (internal quotation marks and citations omitted)). The ALJ accepted Dr. Paculdo's opinion and found plaintiff's "medically determinable mental impairments of depressive and anxiety disorders, [not otherwise specified], considered singly and in combination, do not cause more than minimal limitation in [plaintiff's] ability to perform basic

work activities and are therefore non-severe." AR at 20.

Second, the ALJ properly rejected Dr. Ursino's opinion as being based primarily on plaintiff's subjective statements, which the ALJ found – and plaintiff does not challenge – not credible. AR at 19, 23; *see Morgan v. Comm'r*, 169 F.3d 595, 602 (9th Cir. 1999) (treating or examining physician's opinion based on the claimant's own complaints may be disregarded if the claimant's complaints have been properly discounted); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (ALJ may legitimately accord less weight to, or reject, the opinion of a physician based on the self-reporting of an unreliable claimant where that claimant's complaints have been properly discounted).

Here, as noted by the ALJ, "it appears that the visits to Dr. Ursino consisted of jotting down [plaintiff]'s allegations and prescribing an array of palliative remedies, as the physician never reported any mental status exam findings, observations, referrals for counseling or hospitalizations, etc." AR at 19; *see* AR at 447-49. Notably, for instance, Dr. Ursino opined (in the June 26, 2010 Psychiatric/Psychological Impairment Questionnaire) that plaintiff is marked limited in several areas of mental activity, but stated that "No Psychological testing [was] performed" to arrive at or support his opinion. *Id.* at 502, 504-06. This arguably supports the ALJ's finding that Dr. Ursino's conclusions were based primarily on plaintiff's subjective complaints of extreme mental limitations. Because the ALJ's interpretation of the evidence is reasonable, it must be upheld. *See Thomas*, 278 F.3d at 954.

Accordingly, the ALJ properly rejected Dr. Ursino's opinion regarding the severity of plaintiff's mental impairments.

**B.     The ALJ Properly Rejected the Opinion of Plaintiff's Treating Physician**

Plaintiff contends that the ALJ failed to articulate a legally sufficient reason for rejecting the opinion of his treating physician, Dr. Paul G. Johnson. Pl.'s Mem. at 19-22. The court disagrees.

1    The ALJ "set[] out a detailed and thorough summary of the facts and
2 conflicting clinical evidence, stat[ed] his interpretation thereof," and concluded that
3 there is no objective evidence to support Dr. Johnson's opinion that plaintiff suffers
4 from disabling osteoarthritis of the lower and upper extremities. *See Magallanes*,
5 881 F.2d at 751 (internal quotation marks and citation omitted); AR at 16-18, 23.
6 Contrary to plaintiff's contention, this is a specific and legitimate reason for
7 rejecting Dr. Johnson's opinion. *See Batson*, 359 F.3d at 1195; *Thomas*, 278 F.3d at
8 957; *Burkhart*, 856 F.2d at 1339-40; Pl.'s Mem. at 20.
9    First, Dr. Johnson's opinion lacks support from his own objective findings.
10 For instance, the ALJ noted that Dr. Johnson completed a DMV disabled placard
11 application for plaintiff in which Dr. Johnson stated plaintiff "had severe
12 osteoarthritis of the lower extremities, however, no objective factors/findings are
13 documented." AR at 17; *see* AR at 312-17 (medical records post-date April 2008
14 application). And although Dr. Johnson (in a February 1, 2009 letter) diagnosed
15 plaintiff with severe osteoarthritis and torn rotator cuff of the left shoulder and
16 opined that "because of this condition [, plaintiff] is totally disabled and that this
17 disability will last for more than twelve months" (AR at 319), Dr. Johnson, less than
18 one month earlier, advised plaintiff to merely perform gentle range of motion
19 exercises. *See* AR at 17, 316; *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.
20 2001) (ALJ properly rejected the opinion of a treating physician who prescribed
21 conservative treatment). In addition, despite plaintiff's complaints of left shoulder
22 pain on April 7, 2009, Dr. Johnson found only reduced range of motion of the left
23 shoulder. *See* AR at 17, 337.
24    Second, Dr. Johnson's opinion is unsupported by the opinions of Dr. John
25 Sedgh (consultative examining physician) and Dr. Nafoosi (the ME). On April 23,
26 2009, Dr. Sedgh found evidence of a surgical scar and tenderness in plaintiff's left
27 shoulder area. AR at 365. Dr. Sedgh noted that plaintiff's range of motion of the
28 left shoulder was limited. *Id.* Dr. Sedgh – based upon a physical and neurological

1  examination on April 23, 2009, plaintiff's medical history, and review of the
2  medical record – opined that: plaintiff can lift and carry twenty pounds occasionally
3  and ten pounds frequently; plaintiff can stand and walk six hours in an eight-hour
4  work day with normal breaks; plaintiff can sit six hours in an eight-hour workday;
5  and plaintiff is limited in reaching above shoulder level with the left arm. *Id.*; *see*
6  *Magallanes*, 881 F.2d at 751.  Likewise, the ME found plaintiff less limited than Dr.
7  Johnson opined.  Specifically, the ME found that: plaintiff can occasionally lift
8  twenty pounds and frequently lift ten pounds; plaintiff can stand and walk six hours
9  in an eight-hour workday, provided he is allowed to change positions briefly for
10 one-to-three minutes each hour; plaintiff can sit eight hours in an eight-hour
11 workday; and plaintiff can occasionally balance, stoop, kneel, crouch, and climb.
12 AR at 46; *see Andrews*, 53 F.3d at 1041-42 (non-examining physician's opinion
13 may constitute substantial evidence only when it is "supported by other evidence in
14 the record and [is] consistent with it").  The ALJ found these opinions supported by
15 the record.  *See* AR at 23.
16       Accordingly, the ALJ properly rejected Dr. Johnson's opinion.

## V.
## **CONCLUSION**

      IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING
the decision of the Commissioner denying benefits, and dismissing this action with
prejudice.

Dated: October 2, 2012



SHERI PYM
UNITED STATES MAGISTRATE JUDGE